IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JANELLE GARCIA,

                Plaintiff,

v.

RIVER PARK INN MOTEL;
AMA 5 & 6th BETWEEN;
18 WHEELER; HIGHWAY 97 N,

                Defendants.

Civ. No. 1:26-cv-00120-AA

**OPINION & ORDER**

AIKEN, District Judge.

       Self-represented Plaintiff Janelle Garcia appears to bring several claims against Defendants River Park Inn Motel; AMA 5 & 6th Between; 18 Wheeler; and Highway 97 N. *See* Compl., ECF No. 1. Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and asks the Court to appoint Pro Bono Counsel for her, ECF No. 3. For the reasons set forth below, Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendants. Plaintiff's IFP Petition, ECF No. 2, is DENIED with leave to refile because it is unsigned. And Plaintiffs request for Pro Bono Counsel, ECF No. 3, is DENIED.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* or self-represented pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by self-represented plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a self-represented litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

As to Plaintiff's IFP petition, the Court usually first determines whether a plaintiff has made a sufficient showing of indigency. Here, Plaintiff failed to sign and date the IFP petition. Plaintiff's IFP petition is denied with leave to re-file after she signs and dates the petition.

As to Plaintiff's Complaint, there are two problems. First, it is unsigned and undated. Second, the Court is not able to understand the Complaint.

Plaintiff brings several claims against four defendants. Plaintiff's claims are handwritten and difficult to decipher. Compl. at 4. Plaintiff alleges that she brings both state and federal claims. *Id.* The claim(s) reads as follows:

> Bank transfers and, bank robbery into my bank with [illegible] city
> police officials. But the denials by police report investigations with those

> involvement to conceal committ [sic] and deny policing to convictions
> bank heist robbery/prosecutions.  Denied access DOJ. Denied District
> Attorney prosecutions.

*Id.*  Because the Court is unable to understand the Complaint, it is dismissed with

leave to amend.  Plaintiff is instructed to describe the claim more clearly by telling

the Court how Plaintiff was injured, what the defendants did to injure her, and how,

when, and where the injury occurred.  If Plaintiff brings her claims under federal law,

she is instructed to identify the federal law that was violated as best as she is able.

Finally, the Court denies the Motion for Appointment of Counsel.  There is no

constitutional right to counsel in a civil case.  *United States v. 30.64 Acres of Land*,

795 F.2d 796, 801 (9th Cir. 1986).  However, pursuant to § 1915, this Court has

discretion to request volunteer counsel for indigent parties in exceptional

circumstances.  *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).  Here, the

Court declines to request volunteer counsel at this time.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is DENIED, with leave to refile with date and Plaintiff's signature. Plaintiff's request to appoint Pro Bono counsel, ECF No.3, is DENIED at this time. Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendants. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint that more clearly describes her claims. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this ____11th____ day of February 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge